UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER J. ANDRESKI,              Case No. 1:24-cv-00699

    Plaintiff,                                Hon. Paul L. Maloney
                                               U.S. District Judge

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Plaintiff Christopher J. Andreski's complaint and his Sealed Emergency Motion (ECF No. 14) requesting various forms of injunctive relief.

### II. The Complaint

Plaintiff Christopher J. Andreski filed a complaint in this Court on July 5, 2024. (ECF No. 1.) Andreski sues the U.S. Department of Justice, the U.S. Department of Labor, and the Merit System Protection Board. Andreski says that he was wrongfully terminated from his employment with the U.S. Marshals Service in the Western District of Michigan. Andreski used a form complaint, but he made no allegations in the complaint. Instead, Andreski attached approximately 760 pages of various documents which he believes explains the allegations in his complaint.

1

A complaint should not be complicated.

"A pleading that states a claim for relief must contain" among other things, "**a short and plain statement** of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a), (a)(2) (emphasis added). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A plaintiff must plead a claim with clarity and provide a defendant with fair notice of the claim and grounds upon which it rests. *Kensu v. Corizon, Inc.*, 5 Fed.4th, 646, 650 (6th Cir. 2021). "The district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue." *Id.* at 651 (citation omitted).

Andreski has failed to file a complaint that conforms to the federal rule. The collection of documents that Andreski submitted with his complaint is not a "short and plain statement of the claim." Fed. R. Civ. P. 8(a), (a)(2).

Based upon the documents attached to Andreski's complaint, it appears that he is asserting that he was wrongfully terminated from his Deputy U.S. Marshal position. Andreski does not explain why he believes he was wrongfully terminated. It is unclear if Andreski lawsuit is about his termination or if his lawsuit is about harassment after his termination.

Andreski's collection of documents primarily includes numerous instances of alleged incidents of harassment. For example, some of the harassment allegations include being followed by multiple blinking drones, United States Post Office vehicles passing his home, being watched by multiple private investigators, being asked questions by neighbors and other individuals, delays that have occurred during

construction of a new home, problems with loan financing, and in one instance Andreski says that the rear window of his pickup truck was shot out by a pellet or BB gun while he was driving. Andreski attributes these events, and much more, to the Defendants. Further, Andreski says that his medical bills are not being paid by Defendants.

It is apparent that Andreski submitted an administrative complaint, through counsel, to the United States of America Merit Systems Protection Board (MSPB). His claim was denied on May 30, 2024. (ECF No. 1-5, PageID.509-518; ECF No. 1-6, PageID.578-583.) Andreski may be appealing the MSPB denial.[1] If Andreski is attempting to appeal the MSPB decision, he has not made that clear in a complaint.

It seems at least arguable that Andreski may have a cause of action that he could assert against Defendants in this Court. It could be that Andreski is attempting to assert a discrimination claim and this Court might have jurisdiction over such claim. It is Andreski's obligation to set forth his claims in a short and plain statement showing he is entitled to relief. The documents that Andreski has filed with the Court fail to show to make that showing. The Court should not have

---

[1] The MSPB provided instructions to Andreski as to how to appeal that decision. (ECF 1-6, PageID.581-583.) The Federal Court of Appeals has jurisdiction to review a final Board order in general including whistleblower claims. (*Id*.) A District Court has jurisdiction to review a final Board order involving discrimination claims, or a request for review may be made with the EEOC. (*Id*.) *See also, Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017) (discussing the proper forum for judicial review when a federal employee complains that adverse employment action was taken against him.) It is possible that Andreski is attempting to bring an appeal of an MSPB decision based upon a whistleblower claim, or a discrimination claim or based upon both alleged violations.

to guess what Andreski is asserting, and the Court should not have to search through numerous irrelevant documents to determine what claims Andreski may be attempting to make.

It is respectfully, recommended that the Court allow Andreski to file an Amended Complaint that clearly sets out his claims for relief, the relief that he is seeking, and factual allegations that support those claims.

Plaintiff may wish to consult the various complaint forms available on the U.S. Courts website for *pro se* litigants, available at https://www.uscourts.gov/services-forms/forms. Plaintiff may also wish to consult the handbook for filing a lawsuit in federal court available on this Court's website. https://www.miwd.uscourts.gov/pro-se-forms.

### III. Sealed Emergency Motion

Andreski says that due to illegal attacks from the U.S. Marshals Service, U.S. Department of Labor, and unknown hired individuals interfering with his personal life and medical treatment, the Court should provide him with temporary financial assistance of $75,000.00, enter a Federal Protection Order that includes his close friends and family members, allow him to receive medical treatment at a facility of his choice without any interference, and appoint him counsel.

Andreski is essentially asking this Court to enter preliminary injunctive relief. Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The

issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985).

In the opinion of the undersigned, Andreski has failed to meet his burden of establishing that he is entitled to preliminary injunctive relief. At this stage of pleadings, it is not clear exactly what Andreski is claiming in his complaint. It is respectfully recommended that the Court allow Andreski to amend his complaint so that he can attempt to state a claim upon which relief may be granted. As such, Andreski has not met the burden of showing that he has a likelihood of success on the merits of his claims. Nor has Andreski shown irreparable injury that could not ultimately be repaired by an award of monetary damages. Finally, Andreski has not identified how the public interest could be served by granting him injunctive relief.

For these reasons, it is respectfully recommended that the Court deny Andreski's request for preliminary injunctive relief.

Andreski has requested that the Court appoint him an attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *Mallard v. U.S. District Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. As set forth above, it is not clear whether Andreski can state an actionable cause of action, or more specifically the basis for his lawsuit. At this stage of the proceeding, Andreski has not shown exceptional circumstances that could justify the appointment of counsel. Therefore, it is respectfully recommended that the Court deny Andreski's request for appointment of counsel.

## IV.   Recommendation

Accordingly, it is respectfully recommended that the Court order Plaintiff Andreski to file an amended complaint that conforms to the rules of federal civil procedure or face dismissal of this case for failure to state a claim upon which relief may be granted.

It is further recommended that the Court deny Andreski's Sealed Emergency Motion. (ECF No. 14.)

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen

(14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   August 13, 2024                                /s/ *Maarten Vermaat*
                                                                        MAARTEN VERMAAT
                                                                        U.S. MAGISTRATE JUDGE