UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

CHRISTOPHER J. ANDRESKI,

      Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

      Defendants.

_____/

Case No.    1:24-cv-00699

Hon.   Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

This Report and Recommendation (R&R) addresses the numerous pleadings that Plaintiff Christopher J. Andreski has filed since the Court ordered him to amend his complaint, and his failure to file an amended complaint in compliance with this Court's order.

On September 25, 2024, this Court ordered Andreski to file an amended complaint that complied with the Federal Rules of Civil Procedure by October 23, 2024.[1]   (ECF No. 21) (Order Adopting Report and Recommendation).)

Although Andreski filed his original documents on July 5, 2024, this case has not begun because Andreski has failed to file a complaint in conformance with the Court's order.   The Court is aware that Andreski claims that he was wrongfully

---

[1]    Plaintiff is proceeding *pro se*.   As such, his pleadings are subject to less stringent standards than those prepared by attorneys.   *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).

terminated from his position with the U.S. Marshals Service.  Everything else is unclear.  Andreski has failed to explain the legal and factual basis for his lawsuit, and he has failed to provide the Court with an Amended Complaint to allow this action to proceed.  The undersigned is not unsympathetic to Andreski, but under the circumstances, it is respectfully recommended that the Court dismiss this case for failure to state a claim upon which relief may be granted, and for failure to prosecute this action by complying with the rules of this Court.

Andreski has filed six separate pleadings since the Court ordered him to file an Amended Complaint.  On October 23, 2024, Andreski filed four pleadings:

(1) an Emergency Additional Amended Motion For Financial Har[d]ship Rel[ie]f.  In this pleading consisting of 258 pages of documents, Andreski seeks appointment of counsel and significant financial help to cover expenses associated with daily living, his mortgage, improvements to his residence, retirement account funding, medical expenses, and other monetary payments due to financial hardship.  (ECF No. 22.)

(2) a 961-page document that is titled as a "Second Emergency Admended [sic] Objection Complaint and Admended [sic] Objection New Additional Supporting Exhibits List and New Second Admended [sic] Objection Motion Requests."  (ECF No. 23.)  In this pleading it appears that Andreski seeks "a Lifetime Protection Order" from harassment, intimidation, and stalking."  (*Id.*, PageID.1092.)

(3) an Emergency Third Amended Reconsideration Emergency Motion of Under Duress, Hardship Rel[ie]f consisting of 111 pages of documents. (ECF No. 24.)   It appears, but it is not entirely clear, that Andreski requests appointment of counsel and some type of financial help that he believes he is entitled to.

(4) a request that all of his filings be under seal.   (ECF No. 25.)

(5) another request that all of his filing be under seal and an order allowing him to pick-up at the Courthouse: "all 'SEALED' filing legal motions" and supporting documents.   (ECF No. 26.)

Then, on October 29, 2024, Andreski filed:

a 70-page document entitled "Emergency Injunction and Restraining Hardship Relief Order."   Andreski requests an order stopping the destruction of evidence.   This appears to be an attempt to stop creditors from repossessing his vehicles.   (ECF No. 27.)

The Court has authority to dismiss a case under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute his case or to comply with rules, or a court order.   It is well settled that the Court has inherent authority to dismiss *sua sponte* an action with prejudice for failure to prosecute.   *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30

On September 25, 2024, the Court issued the following order:

> **IT IS FURTHER ORDERED** that the Plaintiff shall file an amended complaint that conforms to the rules of federal civil procedure. The deadline for Plaintiff to file an amended complaint is October 23, 2024. Plaintiff is warned that failure to file an amended complaint may result in dismissal of the case for failure to state a claim upon which relief may be granted.

(ECF No. 21, PageID.832.)    Plaintiff failed to file an amended complaint by October 23, 2024.    The Court warned Plaintiff that his failure to file an amended complaint "may result in dismissal of the case for failure to state a claim upon which relief may be granted."    (*Id.*)

In the opinion of the undersigned, dismissal of the complaint is appropriate because Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has failed to set forth any actionable legal claims that he wishes to assert against a Defendant in an amended complaint.

In addition, dismissal of this action is appropriate due to Plaintiff's failure to comply with this Court's order requiring him to file an amended complaint.

Accordingly, it is respectfully recommended that the Court deny Plaintiff's motions[2] and dismiss this complaint.

NOTICE TO PARTIES:    Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.    28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).    Failure to file timely objections constitutes a waiver of any further right to appeal.    *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).    *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    November 8, 2024          /s/ *Maarten Vermaat*
                                              MAARTEN VERMAAT
                                              U.S. MAGISTRATE JUDGE

---

[2]        ECF Nos. 22, 23, and 24 shall remain sealed.

4